**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM EFRAIN CAMPOS,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-72253<br><br>Agency No. A087-772-878<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

William Efrain Campos, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Tapia Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We grant the petition for review and remand.

Substantial evidence does not support the agency's conclusion that the gang's extortion of Campos was based on criminal intent and not his homosexuality. *See id.* at 505-06 (record compelled conclusion petitioner's status was "one central reason" for mistreatment). Further, substantial evidence does not support the agency's conclusion that Campos did not establish that the government of El Salvador was unable or unwilling to control his persecutors. *See Avetova-Elisseva v. INS*, 213 F.3d 1192, 1198-1201 (9th Cir. 2000) (record compelled conclusion government was unable or unwilling to control mistreatment). Thus, we grant the petition for review, and we remand Campos's asylum claim for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**